UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LEONOR BALCAZAR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 15 C 5322 |
| v. | ) | |
| | ) | Judge |
| ADVOCATE HEALTH AND HOSPITALS | ) | |
| CORPORATION, d/b/a TRINITY | ) | Formerly Case No. 2015 L 002941 |
| HOSPITAL, MICHAEL J. ESCOTO, D.O., | ) | Circuit Court of Cook County, Illinois |
| CHICAGO FAMILY HEALTH CENTER, | ) | |
| INC., and NIKIE PARIKH, M.D., | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL OF A CIVIL ACTION AND
## SUBSTITUTION OF THE UNITED STATES AS DEFENDANT

To:     Dorothy Brown                                   John B. Kralovec
        Clerk of the Circuit Court                      Kralovec, Jambois & Schwartz
        Richard J. Daley Center, Room 1001              60 West Randolph, 4th Floor
        50 West Washington Street                       Chicago, Illinois 60601
        Chicago, Illinois 60602

        Jennifer Lowis
        Lowis & Gellen, LLC
        200 West Adams, #1600
        Chicago, Illinois 60606

The United States, by its attorney, Zachary T. Fardon, United States Attorney for the

Northern District of Illinois, submits this notice of removal of the above-captioned civil action

from the Circuit Court of Cook County, Illinois, to the United States District Court, Northern

District of Illinois, pursuant to 42 U.S.C. § 233, and in support thereof states the following:

1.     On March 23, 2015, plaintiff Leonor Balcazar commenced the above civil action

against Nikie Parikh, M.D., the Chicago Family Health Center, Inc., and others, alleging medical

malpractice. A copy of the state court complaint is attached as Exhibit A. For purposes of this

lawsuit, the Chicago Family Health Center, Inc. is a private entity that receives grant money from the Public Health Service pursuant to 42 U.S.C. § 233. *See* Exhibit B. In addition, Nikie Parikh, M.D., was acting within the scope of her employment at the Chicago Family Health Center, Inc. with respect to the incidents referred to in the complaint. *Id.*

2.      This notice of removal is filed in accordance with 42 U.S.C. § 233 upon certification by the designee of the Attorney General of the United States that defendant Chicago Family Health Center, Inc. was a private entity receiving grant money from the Public Health Service and that defendant Nikie Parikh, M.D., was acting within the scope of her employment at the Chicago Family Health Center, Inc. with respect to the incidents referred to in the complaint. Exhibit B.

3.      This notice of removal may be filed without bond at any time before trial. 42 U.S.C. § 233(c). Trial has not yet been had in this action.

4.      Pursuant to the certification by the Attorney General's designee and the filing of this notice of removal, under 28 U.S.C. § 233(c), this civil action is deemed an action against the United States, and the United States is substituted as the sole federal party defendant in place of defendants Chicago Family Health Center, Inc. and Nikie Parikh, M.D.

WHEREFORE, this action now pending in the Circuit Court of Cook County, Illinois, is properly removed to this court pursuant to 42 U.S.C. § 233, and the United States is substituted as the defendant in lieu of Chicago Family Health Center, Inc. and Nikie Parikh, M.D.

Respectfully submitted,

ZACHARY T. FARDON
United States Attorney

By: s/ Peter Sullivan
    PETER SULLIVAN
    Special Assistant United States Attorney
    219 South Dearborn Street
    Chicago, Illinois 60604
    (312) 886-9082
    peter.sullivan@usdoj.gov

# Exhibit A

FIRM I.D. 24797

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| LEONOR BALCAZAR, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
|      v. | ) |
| | ) No. |
| | ) |
| ADVOCATE HEALTH AND HOSPITALS | ) |
| CORPORATION, d/b/a TRINITY HOSPITAL, | ) |
| MICHAEL J. ESCOTO, D.O., | ) |
| CHICAGO FAMILY HEALTH CENTER, INC., | ) |
| and NIKIE PARIKH, M.D. | ) |
| | ) |
|    Defendant. | ) |

2015L002941
CALENDAR/ROOM X
TIME 00:00
Medical Malpractice

## COMPLAINT AT LAW

### COUNT I
### ADVOCATE HEALTH AND HOSPITALS
### CORPORATION D/B/A TRINITY HOSPITAL
(Negligence)

NOW COMES the Plaintiff, **LEONOR BALCAZAR**, by and through her attorneys,

**KRALOVEC, JAMBOIS & SCHWARTZ**, and complaining of the Defendant, **ADVOCATE**

**HEALTH AND HOSPITALS CORPORATION ("TRINITY HOSPITAL")**, states as follows:

    1.    That at all times relevant hereto, LEONOR BALCAZAR, resided in the City of

Chicago, County of Cook and State of Illinois.

    2.    That at all times relevant hereto, Defendant, ADVOCATE TRINITY HOSPITAL,

by and through its actual or apparent agents, officers, servants, and/or employees, including but

not limited to physicians, radiologists, residents and nurses, operated a healthcare facility located

in the City of Chicago, County of Cook and State of Illinois, offering general medical services to

the public and to the Plaintiff, LEONOR BALCAZAR, and provided medical, consulting,

laboratory, radiological, technical, nursing and other related services.

3.  At all times relevant hereto, the Defendant, MICHAEL J. ESCOTO, D.O. was a physician licensed to practice medicine in the State of Illinois and specialized in emergency medicine.

4.  That on June 28, 2012, and at all times relevant hereto, the Defendant, MICHAEL J. ESCOTO, D.O. was an actual or apparent agent, officer, servant and/or employee of Defendant, ADVOCATE TRINITY HOSPITAL and was acting within the scope of his actual or apparent agency and/or employment.

5.  That on or about June 28, 2012, and continuing thereafter, Defendant, ADVOCATE TRINITY HOSPITAL by and through its actual or apparent agents, officers, servants and/or employees, had under its care and did intend to and did treat Plaintiff, LEONOR BALCAZAR.

6.  That on or about June 28, 2012, Plaintiff LEONOR BALCAZAR presented to the emergency department of ADVOCATE TRINITY HOSPITAL complaining of right upper and lower quadrant pain, nausea, vomiting and back pain.

7.  That on or about June 28, 2012, Plaintiff, LEONOR BALCAZAR, underwent a diagnostic computed tomography scan of the abdomen and pelvis at ADVOCATE TRINITY HOSPITAL as ordered by Defendant, MICHAEL J. ESCOTO, D.O.

8.  That on or about June 28, 2012, a diagnostic computed tomography scan of Plaintiff's abdomen and pelvis revealed a 3.3 cm mass within the right hepatic lobe suspicious for neoplasm.

9.      That on or about June 28, 2012, the Plaintiff LEONOR BALCAZAR, was discharged from TRINITY HOSPTIAL without being informed of the presence of a 3.3 cm mass within the right hepatic lobe which was deemed suspicious for neoplasm.

10.     That on July 30, 2014, the patient presented to her primary care physician, DEVINA SHAH, M.D., with complaints of right upper quadrant pain and weight loss.

11.     That on August 1, 2014, Plaintiff, LEONOR BALCAZAR, underwent a CT scan of the abdomen and pelvis at Defendant, ADVOCATE TRINITY HOSPITAL which revealed a large 10 cm mass within the right hepatic lobe suspicious for neoplasm as well as a secondary mass measuring 2.5 cm. The patient's scans further revealed multiple small nodular densities within the lower lung zones bilaterally.

12.     That on or about August 20, 2014, Plaintiff was diagnosed with Stage IV cholangiocarcinoma.

13.     That Plaintiff, LEONOR BALCAZAR, neither knew nor should have known that her injury was wrongfully caused until after August 20, 2014, the date that she was diagnosed with Stage IV cancer.

14.     That on September 25, 2014, Plaintiff requested review of her medical records by an attorney for assistance in determining whether medical negligence may have caused or contributed to her medical problems, including Stage IV metastatic carcinoma.

15.     That on or about February 18, 2015, and for the first time, Plaintiff was informed by her attorneys that her injuries may have been wrongfully caused by the actions and/or omissions of the Defendant ADVOCATE TRINITY HOSPITAL.

3

16.    That on and prior to June 28, 2012 and at all times relevant hereto, there existed a duty on the part of the Defendant ADVOCATE TRINITY HOSPITAL by and through its actual or apparent agents, officers, servants and/or employees, including, but not limited to MICHAEL J. ESCOTO, M.D., to possess and apply the skill and knowledge of reasonably well-qualified physicians, radiologists, residents, nurses and healthcare staff and to take all appropriate and necessary measures to safeguard its patient, LEONOR BALCAZAR.

17.    Contrary to this duty ADVOCATE TRINITY HOSPITAL, by and through its actual or apparent agents, officers, servants and/or employees, including but not limited to physicians, radiologists, residents, and nurses, was then and there guilty of one or more of the following careless and negligent acts and/or omissions:

(a)    Failed to have in place policies and procedures to ensure that time sensitive and potentially life-threatening diagnostic results of patients are provided to the ordering physician, nurse and/or staff member in a timely and efficient manner;

(b)    Failed to have in place policies and procedures to ensure that time sensitive and potentially life-threatening diagnostic results are communicated to patients *before* being discharged from the emergency room;

(c)    Failed to inform the Plaintiff LEONOR BALCAZAR of the CT findings of a 3.3 cm mass within the right hepatic lobe which was deemed suspicious for neoplasm *before* discharging her from the emergency room on June 28, 2012;

(d)    Failed to refer the Patient, LEONOR BALCAZAR, to the appropriate medical specialty for evaluation and work-up of the liver mass identified and described on the CT scan of June 28, 2012;

e)    Negligently discharged the Plaintiff, LEONOR BALCAZAR from the emergency room on June 28, 2012 without informing her that *prompt medical evaluation* by a qualified specialist was necessary in order to rule out neoplastic disease; and/or,

(f)    Was otherwise careless and negligent in treating plaintiff.

4

18.     As a direct and proximate result of one or more of the foregoing careless and negligent acts and/or omissions on the part of Defendant ADVOCATE TRINITY HOSPITAL by and through its actual or apparent agents, officers, servants and/or employees, including, but not limited to physicians, radiologists, residents, and nurses, the Plaintiff, LEONOR BALCAZAR sustained severe and permanent injuries, including but not limited to twenty-six month delay in the diagnosis and treatment of cholangiocarcinoma and was forced to seek and will continue to seek extensive hospital and medical services in an effort to become healed and cured of her maladies.

WHEREFORE, Plaintiff, **LEONOR BALCAZAR,** demands judgment against the Defendant, **ADVOCATE HEALTH AND HOSPITALS CORPORATION** (d/b/a ADVOCATE TRINITY HOSPIAL) in such sums of money in excess of this Court's jurisdictional requisite that will fairly and adequately compensate her for the losses alleged.

**COUNT II**
**MICHAEL J. ESCOTO, D.O.**
**(Negligence)**

NOW COMES the Plaintiff, **LEONOR BALCAZAR**, by and through her attorneys, **KRALOVEC, JAMBOIS & SCHWARTZ**, and complaining of the Defendant, **MICHAEL J. ESCOTO, D.O.** states as follows:

1.     That at all times relevant hereto, LEONOR BALCAZAR resided in the City of Chicago, County of Cook and State of Illinois.

2.     That at all times relevant hereto, the Defendant, MICHAEL J. ESCOTO, D.O. was a physician licensed to practice medicine in the State of Illinois and specialized in emergency medicine.

5

3.    That on June 28, 2012 and at all times relevant hereto, Defendant, MICHAEL J.

ESCOTO, D.O. was an actual or apparent agent, officer, servant and/or employee of Defendant,

ADVOCATE TRINITY HOSPITAL and was acting within the scope of his actual or apparent

agency and/or employment.

4.    That on or about June 28, 2012 and continuing thereafter, Defendant MICHAEL J.

ESCOTO, D.O. had under his care and did intend to and did treat LEONOR BALCAZAR.

5.    That on or about June 28, 2012, Plaintiff LEONOR BALCAZAR presented to the

emergency department of ADVOCATE TRINITY HOSPITAL complaining of right upper and

lower quadrant pain, nausea, vomiting and back pain.

6.    That on or about June 28, 2012, Defendant, MICHAEL J. ESCOTO, D.O. ordered

diagnostic computed tomography scan of plaintiff's abdomen and pelvis.

7.    That on or June 28, 2012, a diagnostic computed tomography scan of Plaintiff's

abdomen and pelvis revealed a 3.3 cm single mass within the right hepatic lobe suspicious for

neoplasm.

8.    That on or about June 28, 2012, Defendant, MICHAEL J. ESCOTO, D.O.

discharged the Plaintiff, LEONOR BALCAZAR from the emergency room without informing her

of the existence of a 3.3 cm mass within her right hepatic lobe which was suspicious for neoplasm.

9.    That on July 30, 2014, the patient presented to her primary care physician,

DEVINA SHAH, M.D., with complaints of right upper quadrant pain and weight loss.

10.    That on August 1, 2014, Plaintiff, LEONOR BALCAZAR, underwent a CT scan

of the abdomen and pelvis at Defendant, ADVOCATE TRINITY HOSPITAL which revealed a

6

large 10 cm mass within the right hepatic lobe suspicious for neoplasm as well as a secondary mass measuring 2.5 cm. The patient's scans further revealed multiple small nodular densities within the lower lung zones bilaterally.

11.    That on or about August 20, 2014, Plaintiff was diagnosed with Stage IV metastatic cancer.

12.    That Plaintiff, LEONOR BALCAZAR, neither knew nor should have known that her injury was wrongfully caused until after August 20, 2014, the date that she was diagnosed with Stage IV cancer.

13.    That on September 25, 2014, Plaintiff requested review of her medical records by an attorney for assistance in determining whether medical negligence may have caused or contributed to her medical problems, including Stage IV metastatic cancer.

14.    That on or about February 18, 2015, and for the first time, Plaintiff was informed by her attorney that her injuries may have been wrongfully caused by the actions of the Defendant MICHAEL J. ESCOTO, D.O.

15.    That on or about June 28, 2012 and at all times relevant hereto, there existed a duty on the part of the Defendant, MICHAEL J. ESCOTO, D.O. to possess and apply the skill and knowledge of a reasonably well-qualified physician and to take all appropriate and necessary safety measures to safeguard his patient, LEONOR BALCAZAR.

16.    Contrary to this duty, the Defendant MICHAEL J. ESCOTO, D.O. was guilty of one or more of the following careless and negligent acts and/or omissions:

(a)    Failed to inform the Plaintiff LEONOR BALCAZAR of the CT findings of a 3.3 cm mass within the right hepatic lobe which was deemed suspicious for neoplasm *before* discharging her from the emergency room on June 28, 2012;

7

(b)    Negligently discharged the Plaintiff, LEONOR BALCAZAR from the emergency room on June 28, 2012 without informing her that *prompt medical evaluation* by a qualified specialist was necessary to rule out neoplastic disease;

(c)    Failed to refer the Patient, LEONOR BALCAZAR, to the appropriate medical specialty for evaluation and work-up of the liver mass identified and described on the CT scan of June 28, 2012; and/or,

(d)    Was otherwise careless and negligent in treating plaintiff.

17.    That as a direct and proximate result of one or more of the foregoing careless and negligent acts and/or omissions on the part of the Defendant, MICHAEL J. ESCOTO, D.O., Plaintiff, LEONOR BALCAZAR suffered severe and permanent injuries, including but not limited to a twenty-six month delay in the diagnosis and treatment of cholangiocarcinoma and was forced to seek, and will continue to seek extensive medical treatment in an attempt to be healed and cured of her maladies.

WHEREFORE the Plaintiff, LEONOR BALCAZAR demands judgment against the Defendant, MICHAEL J. ESCOTO, D.O. in such sums of money in excess of this Court's jurisdictional requisite that will fairly and adequately compensate her for the losses alleged.

COUNT III
CHICAGO FAMILY HEALTH CENTER, INC.
(Negligence)

NOW COMES the Plaintiff, LEONOR BALCAZAR, by and through her attorneys, KRALOVEC, JAMBOIS & SCHWARTZ, and complaining of the Defendant, CHICAGO FAMILY HEALTH CENER, INC. states as follows:

1.    That at all times relevant hereto, LEONOR BALCAZAR resided in the City of Chicago, County of Cook and State of Illinois.

2.    That at all times relevant hereto, Defendant, CHICAGO FAMILY HEALTH

8

CENTER, INC., by and through its actual or apparent agents, officers, servants, and/or employees, including, but not limited to NIKIE PARIKH, M.D., operated a healthcare facility located in the City of Chicago, County of Cook and State of Illinois, offering general medical services to the public and to the Plaintiff, LEONOR BALCAZAR, and provided medical, consulting, laboratory, technical, nursing and other related services.

3. That at all times relevant hereto, the Defendant, NIKIE PARIKH, M.D. was a physician licensed to practice medicine in the State of Illinois and specialized in internal medicine.

4. That on or about December 7, 2011, and at all times relevant hereto, the Defendant, NIKIE PARIKH, M.D. was an actual or apparent agent, officer, servant and/or employee of Defendant, CHICAGO FAMILY HEALTH CENTER, INC. and was acting within the scope of her actual or apparent agency and/or employment.

5. That on or about December 7, 2011, and continuing thereafter, Defendant, CHICAGO FAMILY HEALTH CENTER, INC. by and through its actual or apparent agents, officers, servants and/or employees, including but not limited to, NIKIE PARIKH, M.D., had under its care and did intend to and did treat Plaintiff LEONOR BALCAZAR.

6. That on or about June 28, 2012, Plaintiff LEONOR BALCAZAR presented to the emergency department of ADVOCATE TRINITY HOSPITAL complaining of right upper and lower quadrant pain, nausea, vomiting and back pain.

7. That on or June 28, 2012, a diagnostic computed tomography scan of Plaintiff's abdomen and pelvis was performed and revealed a 3.3 cm mass within the right hepatic lobe which was suspicious for neoplasm.

9

8.     That on July 31, 2012, Plaintiff, LEONOR BALCAZAR, presented to Defendant, CHICAGO FAMILY HEALTH CENTER, INC. for follow-up examination.

9.     That on July 31, 2012, Defendant, NIKIE PARIKH, M.D. informed the plaintiff, LEONOR BALCAZAR, that she was unable to discuss her emergency department treatment of June 28, 2012 until the Plaintiff's next scheduled office visit.

10.    That on November 26, 2012, Plaintiff LEONOR BALCAZAR presented to Defendant, CHICAGO FAMILY HEALTH CENTER, INC. for follow-up examination.

11.    That on February 27, 2013, Plaintiff LEONOR BALCAZAR presented to Defendant, CHICAGO FAMILY HEALTH CENTER, INC. for follow-up examination.

12.    That on July 19, 2013, Plaintiff LEONOR BALCAZAR presented to Defendant, CHICAGO FAMILY HEALTH CENTER, INC. for follow-up examination.

13.    That on July 31, 2012, November 26, 2012 and February 27, 2013, Defendant, CHICAGO FAMILY HEALTH CENTER, INC., by and through its actual or apparent agents, officers, servants and/or employees, including but not limited to NIKIE PARIKH, M.D., failed to refer the Plaintiff, LEONOR BALCAZAR, to the appropriate specialty for work-up of her abnormal CT findings of June 28, 2012.

14.    That on July 19, 2013, Plaintiff, LEONOR BALCAZAR, was finally referred to Cook County Health & Hospitals System for repeat CT scan and work-up of suspicious liver mass.

15.    That on August 6, 2013, LEONOR BALCAZAR, presented to Cook County Health & Hospitals System to undergo repeat CT scan and GI consultation as ordered by Defendant, NIKIE PARIKH, M.D.

10

16.    That on October 3, 2013, Plaintiff, LEONOR BALCAZAR, presented to CHICAGO FAMILY HEALTH CENTER, INC. for a follow-up visit.

17.    That on October 3, 2013, Defendant, CHICAGO FAMILY HEALTH CENTER, INC. by and through its actual or apparent agents, officers, servants and/or employees, including but not limited to NIKIE PARIKH, M.D. failed to inform its patient, LEONOR BALCAZAR, of the findings of Plaintiff's gastroenterology evaluation of August 6, 2013 which was performed at Cook County Health & Hospitals System.

18.    That on or about October 25, 2013, Defendant, CHICAGO FAMILY HEALTH CENTER, INC. by and through its by and through its actual or apparent agents, officers, servants and/or employees, including but not limited to NIKIE PARIKH, M.D. mailed correspondence to the Plaintiff, LEONOR BALCAZAR, incorrectly advising her that all of her "tests were normal" and further advised that there was "no need for further testing at this time."

19.    That on July 30, 2014, the patient presented to her primary care physician, DEVINA SHAH, M.D., with complaints of right upper quadrant pain and weight loss.

20.    That on August 1, 2014, Plaintiff, LEONOR BALCAZAR, underwent a CT scan of the abdomen and pelvis at Defendant, ADVOCATE TRINITY HOSPITAL which revealed a large 10 cm mass within the right hepatic lobe suspicious for neoplasm as well as a secondary mass measuring 2.5 cm. The patient's scans further revealed multiple small nodular densities within the lower lung zones bilaterally.

21.    That on or about August 20, 2014, Plaintiff, LEONOR BALCAZAR was diagnosed with Stage IV cholangiocarcinoma.

11

22.     That Plaintiff, LEONOR BALCAZAR, neither knew nor should have known that her injury was wrongfully caused until after August 20, 2014, the date that she was diagnosed with Stage IV cancer.

23.     That on September 25, 2014, Plaintiff requested review of her medical records by an attorney for assistance in determining whether medical negligence may have caused or contributed to her medical problems, including Stage IV metastatic cancer.

24.     That on or about February 18, 2015, and for the first time, Plaintiff was informed by her attorneys that her injuries may have been wrongfully caused by the actions of the Defendant, CHICAGO FAMILY HEALTH CENTER, INC.

25.     That on and prior to June 28, 2012 and at all times relevant hereto, there existed a duty on the part of the Defendant, CHICAGO FAMILY HEALTH CENTER, INC. by and through its actual or apparent agents, officers, servants and/or employees, including but not limited to NIKIE PARIKH, M.D., to possess and apply the skill and knowledge of reasonably well-qualified physicians, residents, nurses and healthcare staff and to take all appropriate and necessary measures to safeguard its patient, LEONOR BALCAZAR.

26.     Contrary to this duty CHICAGO FAMILY HEALTH CENTER, INC., by and through its actual or apparent agents, officers, servants and/or employees, was then and there guilty of one or more of the following careless and negligent acts and/or omissions:

(a)     Failed to have in place policies and procedures to ensure that time sensitive and potentially life-threatening diagnostic results are communicated to patients in a timely manner;

(b)     Failed to inform its patient, LEONOR BALCAZAR, of the radiological findings of the June 28, 2012, CT scan which revealed the presence of a 3.3 cm mass within the right hepatic lobe which was suspicious for neoplasm;

12

(c)     Failed to order follow up diagnostic tests including, but not limited to, serial CT scans, PET scans and/or liver biopsy in a timely and efficient manner;

(d)     Failed to refer the plaintiff, LEONOR BALCAZAR, in a timely and efficient manner to the appropriate medical specialty for evaluation and work-up of the 3.3 cm mass identified and described on the CT scan of June 28, 2012;

(e)     Failed to communicate to the Plaintiff, LEONOR BALCAZAR that *prompt medical evaluation* by a qualified specialist was necessary to rule out neoplastic disease;

(e)     Failed to follow-up with the physicians at Cook County Health & Hospitals System regarding the results of LEONOR BALCAZAR's evaluation and treatment recommendations following evaluation on August 6, 2013;

(f)     Failed to review and discuss with her patient, LEONOR BALCAZAR, the findings and recommendations made by the physicians at Cook County Health & Hospitals System following the plaintiff's evaluation on August 6, 2013;

(g)     Negligently and incorrectly informed the plaintiff, LEONOR BALCAZAR, on October 23, 2013, via U.S. mail that her "tests were normal" and further advised plaintiff that there was "no need for further testing at this time"; and/or,

(h)     Was otherwise careless and negligent in treating plaintiff.

27.     That as a direct and proximate result of one or more of the foregoing careless and negligent acts and/or omissions on the part of the Defendant, CHICAGO FAMILY HEALTH CENTER, INC., the Plaintiff, LEONOR BALCAZAR, suffered severe and permanent injuries, including but not limited to a twenty-six month delay in the diagnosis and treatment of cholangiocarcinoma and was forced to seek, and will continue to seek extensive medical treatment in an attempt to be healed and cured of her maladies.

**WHEREFORE** the Plaintiff, **LEONOR BALCAZAR** demands judgment against the Defendant, **CHICAGO FAMILY HEALTH CENTER, INC.** in such sums of money in excess of this Court's jurisdictional requisite that will fairly and adequately compensate her for the losses alleged.

13

**COUNT IV**
**NIKIE PARIKH, M.D.**
(Negligence)

NOW COMES the Plaintiff, **LEONOR BALCAZAR**, by and through her attorneys, **KRALOVEC, JAMBOIS & SCHWARTZ**, and complaining of the Defendant, **NIKIE PARIKH, M.D.** states as follows:

1.     That at all times relevant hereto, LEONOR BALCAZAR resided in the City of Chicago, County of Cook and State of Illinois.

2.     That at all times relevant hereto, the Defendant, NIKIE PARIKH, M.D., was a physician licensed to practice medicine in the State of Illinois and specialized in internal medicine.

3.     That on December 7, 2011, and at all times relevant hereto, Defendant, NIKIE PARIKH, M.D. was an actual or apparent agent, officer, servant and/or employee of Defendant, CHICAGO FAMILY HEALTH CLINIC, INC., and was acting within the scope of her actual or apparent agency and/or employment

4.     That on or about December 7, 2011, and continuing thereafter, Defendant NIKIE PARIKH, M.D. had under her care and did intend to and did treat LEONOR BALCAZAR.

5.     That on or about June 28, 2012, Plaintiff LEONOR BALCAZAR presented to the emergency department of ADVOCATE TRINITY HOSPITAL complaining of right upper and lower quadrant pain, nausea, vomiting and back pain.

6.     That on or about June 28, 2012, Plaintiff LEONOR BALCAZAR underwent a diagnostic computed tomography scan of the abdomen and pelvis at ADVOCATE TRINITY HOSPITAL which revealed a 3.3 cm mass within the right hepatic lobe suspicious for neoplasm.

14

7.    That on July 31, 2012, Plaintiff, LEONOR BALCAZAR, presented to her primary care physician, Defendant, NIKIE PARIKH, M.D. for follow-up care.

8.    That on July 31, 2012, Defendant, NIKIE PARIKH, M.D. declined to discuss plaintiff's emergency department treatment of June 28, 2012 until plaintiff's next scheduled office visit.

9.    That on November 26, 2012, Plaintiff LEONOR BALCAZAR presented to Defendant, NIKIE PARIKH, M.D. for follow-up care.

10.    That on February 27, 2013, Plaintiff LEONOR BALCAZAR presented to Defendant, NIKIE PARIKH, M.D. for follow-up care.

11.    That on July 19, 2013, Plaintiff LEONOR BALCAZAR presented to Defendant, NIKIE PARIKH, M.D. for follow-up care.

12.    That on July 31, 2012, November 26, 2012 and February 27, 2013, Defendant, NIKIE PARIKH, M.D. failed to refer the Plaintiff, LEONOR BALCAZAR, to the appropriate specialty for work-up of her abnormal CT findings of June 28, 2012.

13.    That on July 19, 2013, Plaintiff, LEONOR BALCAZAR, was finally referred to Cook County Health & Hospitals System for repeat CT scan and work-up of the 3.3 cm mass found on the CT scan of June 28, 2012.

14.    That on August 6, 2013, LEONOR BALCAZAR, presented to Cook County Health & Hospitals System to undergo repeat CT scan and GI consultation as ordered by Defendant, NIKIE PARIKH, M.D.

15.    That on August 6, 2013, LEONOR BALCAZAR, was evaluated in the "GI Clinic" of Cook County Health and Hospitals System.

16.     That on October 3, 2013, Plaintiff, LEONOR BALCAZAR, presented to the office

of NIKIE PARIKH, M.D., for follow-up examination and treatment.

17.     That on October 3, 2013, Defendant, NIKIE PARIKH, M.D failed to inform her

patient, LEONOR BALCAZAR, of the findings of Plaintiff's gastroenterology evaluation of

August 6, 2013 performed at Cook County Health & Hospitals System.

18.     On July 30, 2014, the patient presented to her primary care physician, DEVINA

SHAH, M.D., with complaints of continued abdominal pain and weight loss.

19.     That on August 1, 2014, Plaintiff, LEONOR BALCAZAR, underwent a CT scan

of the abdomen and pelvis at Defendant, ADVOCATE TRINITY HOSPITAL which revealed a

large 10 cm mass within the right hepatic lobe suspicious for neoplasm as well as a secondary

mass measuring 2.5 cm. The patient's scans further revealed multiple small nodular densities

within the lower lung zones bilaterally.

20.     That on or about August 20, 2014, Plaintiff was diagnosed with Stage IV

cholangiocarcinoma.

21. That Plaintiff, LEONOR BALCAZAR, neither knew nor should have known that her

injury was wrongfully caused until after August 20, 2014, the date that she was diagnosed with

Stage IV cancer.

22.     That on September 25, 2014, Plaintiff requested review of her medical records by

an attorney for assistance in determining whether medical negligence may have caused or

contributed to her medical problems, including Stage IV metastatic cancer.

23.     That on or about February 18, 2015, and for the first time, Plaintiff was informed

by her attorney that her injuries may have been wrongfully caused by the actions of the Defendant

16

**NIKIE PARIKH, M.D.**

24.      That on or about June 28, 2012 and at all times relevant hereto, there existed a duty

on the part of the Defendant, NIKIE PARIKH, M.D. to possess and apply the skill and knowledge

of a reasonably well-qualified physician and to take all appropriate and necessary safety measures

to safeguard her patient, LEONOR BALCAZAR.

25.      Contrary to this duty, the Defendant NIKIE PARIKH, M.D., was guilty of one or

more of the following careless and negligent acts and/or omissions:

(a)      Failed to inform her patient, LEONOR BALCAZAR, of the radiological findings
of the June 28, 2012, CT scan which revealed the presence of a 3.3 cm mass within
the right hepatic lobe which was suspicious for neoplasm;

(b)      Failed to order diagnostic testing, including, but not limited to, serial CT scans,
PET scans and/or liver biopsy for her patient, LEONOR BALCAZAR, in a timely
and efficient manner;

(c)      Failed to refer the Plaintiff, LEONOR BALCAZAR, in a timely and efficient
manner to the appropriate medical specialty for evaluation and work-up of the 3.3
cm mass identified and described on the CT scan of June 28, 2012;

(d)      Failed to communicate to the Plaintiff, LEONOR BALCAZAR, that *prompt
medical evaluation* by a qualified specialist was necessary to rule out neoplastic
disease;

(e)      Failed to follow-up with the physicians at Cook County Health & Hospitals System
regarding the results of LEONOR BALCAZAR's evaluation and treatment
recommendations following evaluation on August 6, 2013;

(f)      Failed to review and discuss with her patient, LEONOR BALCAZAR, the findings
and recommendations made by the physicians at Cook County Health & Hospitals
System following the plaintiff's evaluation on August 6, 2013;

(g)      Negligently and incorrectly informed the plaintiff, LEONOR BALCAZAR, on
October 23, 2013, via U.S. mail that her "tests were normal" and further advised
plaintiff that there was "no need for further testing at this time"; and/or,

(h)      Was otherwise careless and negligent in treating plaintiff.

17

26.    That as a direct and proximate result of one or more of the foregoing careless and negligent acts and/or omissions on the part of the Defendant, NIKIE PARIKH, M.D., the Plaintiff, LEONOR BALCAZAR, suffered severe and permanent injuries, including but not limited to a twenty-six month delay in the diagnosis and treatment of cholangiocarcinoma and was forced to seek, and will continue to seek extensive medical treatment in an attempt to be healed and cured of her maladies.

**WHEREFORE** the Plaintiff, **LEONOR BALCAZAR** demands judgment against the Defendant, **NIKIE PARIKH, M.D.** in such sums of money in excess of this Court's jurisdictional requisite that will fairly and adequately compensate her for the losses alleged.

John B. Kralovec, Attorney for Plaintiff

KRALOVEC, JAMBOIS & SCHWARTZ
60 W. Randolph, 4th Floor
Chicago, Illinois 60601
(312) 782-2525
FIRM I.D. 24797

18

Exhibit B

## CERTIFICATION

Pursuant to the provisions of 42 U.S.C. § 233, and by virtue of the authority delegated to me by the Attorney General under 28 C.F.R. § 15.4 and through the United States Attorney for the Northern District of Illinois, I hereby certify that I have read the amended complaint in *Leonor Balcazar v. Advocate Health and Hospitals Corporation, etc., et al.*, No. 2015 L 2941 (Circuit Court of Cook County, Illinois), and all attachments thereto. On the basis of the information now available, I find that at the relevant times, the Chicago Family Health Center, Inc., was a private entity receiving grant money from the Public Health Service pursuant to 42 U.S.C. § 233. Further, I certify that Nikie Parikh, M.D., was acting within the scope of her employment at the Chicago Family Health Center with respect to the incidents referred to in the complaint. Accordingly, for purposes of the above case, the Chicago Family Health Center, Inc., and Nikie Parikh, M.D., are deemed to be employees of the United States pursuant to 42 U.S.C. § 233, for Federal Tort Claims Act purposes only.

Thomas Walsh
THOMAS P. WALSH
Chief, Civil Division
Office of the United States Attorney
for the Northern District of Illinois

Date: June 15, 2015